**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **CHRISTIAN STARK *et al.*,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**DIAGEO CHATEAU & ESTATE WINES CO.,**<br><br>    **Defendant** | **Case No.: 12-CV-4385 YGR**<br><br>**ORDER GRANTING MOTION TO SHORTEN TIME; SETTING HEARING ON DISCOVERY ISSUES AND MOTION TO STRIKE** |

**TO ALL PARTIES AND COUNSEL OF RECORD**:

The Court has been advised that the parties are having difficulty scheduling depositions and are having difficulty concerning the confidentiality designations. Defendant has filed a Motion to Strike the Amended Complaint, which added a third plaintiff to this lawsuit; the Motion to Strike alternatively seeks to continue the case management dates, including discovery cutoffs and the September 19, 2012 hearing on preliminary injunction.

A hearing regarding the Motion to Strike, and any pending discovery issues shall be held on **Wednesday, September 5, 2012** at **9:00 a.m.**, in the Federal Courthouse located at 1301 Clay Street, Oakland, California, Courtroom 5. In advance of the hearing, the parties are **ORDERED** to Meet and Confer *__in person__* to resolve any discovery disputes, including scheduling depositions and confidentiality designations, as well as whether the case management dates and hearing on preliminary injunction should be continued. The Court is available to reschedule the hearing on preliminary injunction to any of the following dates/times:  September 21, September 26, the morning of September 27, and October 3.

With respect to confidentiality designations, the parties are reminded that this is a public forum. To the extent that any documents will be used in court proceedings, a party's confidentiality

designation does not mean that the documents will ultimately be sealed in a public proceeding. In determining whether to seal documents, a court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). In effect, a sealing order would require the Court to lock the courtroom doors as to the proffered material during the hearing. While the decision to seal is within the trial court's discretion, the basis for sealing must be compelling and the Court must articulate its reasoning in approving such a request. *Pintos*, 605 F.3d at 679.

By no later than **2:00 p.m.** on **September 4, 2012**, counsel shall file a **JOINT STATEMENT**: (1) notifying the Court that the parties were able to resolve all discovery issues; or (2) concisely summarizing those remaining discovery issues that counsel were unable to resolve.

The Defendant's Motion to Shorten Time, Dkt. No. 28, is **GRANTED**. By no later than **2:00 p.m.** on **September 4, 2012**, Plaintiff shall file either: (1) an Opposition to Defendant's Motion to Strike; (2) or stipulate to continue the case management dates, including discovery cutoffs and the September 19, 2012 hearing on preliminary injunction. If Plaintiff so stipulates, the parties shall advise the Court of the date to reschedule the hearing on preliminary injunction. The Court is available on: September 21, September 26, the morning of September 27, and October 3.

If all issues have been resolved then no appearance will be necessary and the hearing will be taken off calendar. Otherwise, personal appearance of lead counsel will be required. Neither a special appearance nor a telephonic appearance will be permitted.

**IT IS SO ORDERED.**

Date: August 31, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**